**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARIN C. COUCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  CIV-11-1045-W** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Darin Couch ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking

judicial review of the Defendant Commissioner's final decision denying Plaintiff's

applications for disability insurance benefits and supplemental security income payments

under the Social Security Act.  This matter has been referred to the undersigned Magistrate

Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and 636(b)(3).  Upon review

of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that

the Commissioner's decision be reversed and matter remanded for further proceedings.

**Administrative Proceedings**

Plaintiff initiated these proceedings by protectively filing his applications seeking

disability insurance benefits and supplemental security income payments in July, 2009 [Tr.

132 - 135, 136 - 139, and 163].  He alleged that a heat-related injury and back and leg

problems resulted in shaking, sweating, weakness, fatigue, and diminished concentration, all

of which became disabling as of April 30, 2008 [Tr.  168].  Plaintiff's claims were denied

and, at his request, an Administrative Law Judge ("ALJ") conducted a hearing where Plaintiff, who was represented by a non-attorney Professional Social Security Disability Representative [Tr. 75], and a vocational expert testified [Tr. 22 - 47 and 77 - 79].  In his November, 2010 decision, the ALJ found that Plaintiff retained the capacity to perform his past relevant work and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 11 - 21].  The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1 - 4], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted).  Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial.  "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion."  *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A).  The Commissioner applies a five-step inquiry to determine whether a claimant is disabled.  *See* 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail).  Under this sequential procedure, Plaintiff  bears the initial burden of proving that he has one or more severe impairments.  20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985).  Then, if Plaintiff makes a prima facie showing that he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

While Plaintiff presents several claims of error on judicial review, remand is recommended because the ALJ erred by failing to properly consider the mental limitations assessed by the consultative examining psychologist.  Accordingly, the remaining claims will not be specifically addressed. *See Watkins v. Barnhart,* 350 F. 3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

**Analysis**

In his opening brief on appeal, Plaintiff maintains that the ALJ failed to properly

evaluate the opinions of the consultative examining psychologist [Doc. No. 14, p. 4].

Plaintiff states:

> Dr. Dan Smith, Ph.D. examined Plaintiff at Defendant's request on
> October 2, 2009. Dr. Smith opined that Plaintiff had "poor" social judgment
> in that he avoided others. In stressful work situations, or with problems with
> co-workers, Dr. Smith opined Plaintiff would likely withdraw, or would have
> difficulty getting along with his co-workers. TR. 277. Dr. Smith diagnosed
> Plaintiff with alcohol dependence. TR. 278. In her decision, the ALJ found that
> Plaintiff's alcoholism was a medically determinable non-severe impairment.
> TR. 14.

[Doc. No. 14, p. 4].  It is Plaintiff's claim that the ALJ erred by failing to include – or explain

why she did not include – these limitations resulting from the impairment[1] assessed by Dr.

Smith in Plaintiff's residual functional capacity.[2]  *Id.* at 5.

In response, the Commissioner does not deny that Dr. Smith made these findings but

contends that "Dr. Smith based those findings on Plaintiff's subjective complaints" and that

"[a]n ALJ may discount symptoms when they are not supported by objective correlative

evidence." [Doc. No. 16, pp. 6 - 7].  The Commissioner then points to other observations by

---

[1]*See* 20 C.F.R. §§ 404.1523, 416.923 ("If we do find a medically severe combination
of impairments, the combined impact of the impairments will be considered throughout the
disability determination process."); *id.* §§ 404.1545(a)(2), 416.945(a)(2) ("We will consider
all of your medically determinable impairments of which we are aware, including your
medically determinable impairments that are not "severe," . . . when we assess your [RFC].").

[2]The ALJ found that Plaintiff had the residual functional capacity to perform a full
range of work at all exertional levels, limited only by avoiding exposure to extreme heat and
sun and by restricted flexion in his left wrist [Tr. 16].

Dr. Smith which do "not support Plaintiff's assertion that he could not get along with co-workers" or would "not support Plaintiff's subjective complaint of not being able to deal with stress in a work environment." *Id.* at 7. Thus, according to the Commissioner, "the ALJ had no reason to include limitations pertaining to work stress and interactions with co-workers in his RFC findings[.]" *Id.*

Nonetheless, and as Plaintiff correctly replies, these are the Commissioner's conclusions and explanations and not those of the ALJ [Doc. No. 17, pp. 3 - 4]. The role of the court is to evaluate the ALJ's decision "based solely on the reasons stated in the decision." *Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) (citation omitted). Moreover, it is not apparent from the decision that the ALJ recognized that Dr. Smith had proffered medical opinions requiring her evaluation. Instead, it appears that the ALJ viewed Plaintiff's appointment with Dr. Smith as occurring at Plaintiff's initiative in seeking treatment rather than as a consultative examination where Dr. Smith made clinical findings requiring the ALJ's review:

> There is no evidence that the claimant sought further treatment for any impairment until October 2009 (Exhibit 3F).[3] Here, he indicated that he experienced nausea anytime he went out in the heat (Exhibit 3F/2]. Further, he stated that he experienced cramps in his legs, back pain, decreased strength, and decreased balance (Exhibit 3F/2-3). And, he asserted that he sometimes had double vision, shakiness, and weakness (Exhibit 3F/2). Nonetheless, he conceded that he was not currently taking any medications for his alleged impairments (Exhibit 3F/3). He also admitted that he continued to drink approximately six beers per day (Exhibit 3F/4).

---

[3]The exhibit to which the ALJ is referring is the Psychological Evaluation on Darin Clinton Couch on October 2, 2009, by Dan M. Smith, Ph.D. [Tr. 272 - 278].

[Tr. 18].

The ALJ's only other specific references to Dr. Smith's consultative examination report are in noting Plaintiff's report to Dr. Smith that "he has some 'card and drinking buddies' (Exhibit 33F/6)" and in noting that Plaintiff "conceded that he is able to remember simple directions/procedures and handle changes in work settings (Exhibit 3F/6)." [Tr. 14]. The ALJ further found – incorrectly – that Plaintiff "indicated that he gets along well with supervisors and co-workers (Exhibit 3F/7)." *Id.*  Dr. Smith actually noted Plaintiff's statement that he "got along good" with supervisors and those in authority, but that with respect to co-workers, he got along "all right." [Tr. 278].   The ALJ's slight mis-characterization of Plaintiff's statements is not the issue, however.  The issue is that she then ignored Dr. Smith's opinion that, with respect to co-workers, Plaintiff "will withdraw or have difficulty getting along." *Id.*  This is of significance because "[r]esponding appropriately to . . . co-workers" is a basic work activity.  20 C.F.R. §§ 404.1521(b)(5), 416.921(b)(5).

The ALJ erred by failing to properly consider the mental limitations assessed by the consultative examining psychologist, and remand for additional proceedings is required.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by May 30, 2012,  in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72.  The parties are further advised that failure to make timely objection to this Report and Recommendation

waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 10th day of May, 2012.


_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE